# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CR-119-TAV-DCP-002 |
| | ) | |
| JAYLOND A. WOODS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case came before the Court on June 23, 2021 for a detention hearing via videoconference to determine Defendant's release status pending his revocation hearing before District Judge Varlan on the Petition for Warrant for Offender Under Supervision [Doc. 49], filed on June 14, 2021. Assistant United States Attorney Tracy Stone appeared on behalf of the Government. Assistant Federal Defender Stephen Ferrell and the Federal Defender Services of Eastern Tennessee appeared on behalf of Defendant, who was also present via videoconference.

The Government requests that the Court detain Defendant pending his revocation hearing, arguing that he is a danger to the community. The Government relied upon the allegations in the Petition [Doc. 49], as well as the testimony of United States Probation Officer Aaron Powell. Defendant sought release pending his revocation hearing and presented the testimony of one witness, Kadean Carberry.

With regard to detention, the Court typically orders pretrial detention of a defendant only if it finds no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of any person or the community. 18 U.S.C. § 3142(e). With respect to the release or detention of persons appearing for an alleged violation of probation or supervised

release, the Court shall order that the defendant be detained unless it finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of others or the community if released. Fed. R. Crim. P. 32.1(a)(6); *see also* 18 U.S.C. § 3143(a). The defendant bears the burden of showing that he will not flee or pose a danger to others or the community. Fed. R. Crim. P. 32.1(a)(6).

The allegations in the Petition revolve around Defendant's arrest on April 30, 2021 by the Sevier County Sheriff's Office for the offense of Manufacture, Delivery, Sale, or Possession of Schedule II Methamphetamine, in violation of T.C.A. § 39-17-434. The Petition details that a search warrant was served at 206 Henderson Avenue, Apartment One, Sevierville, Tennessee on this date, and that Defendant was at the residence. Defendant admitted that he slept on the couch in the living room, and approximately four grams of a substance believed to be methamphetamine and several plastic baggies consistent with the distribution of narcotics were also found in the living room. USPO Powell testified that Defendant contacted him on June 1, 2021 but did not report the arrest or contact with law enforcement.

USPO Powell's testimony, as well as the allegations set forth in the Petition, also assert that Defendant failed to report for drug testing on December 12, 2019; that he tested positive for marijuana the next day (December 13, 2019), as well as on December 30, 2019; and that on February 3, 2020, Defendant stated that he could not urinate during a home contact, and tested positive for marijuana on February 4, 2020. The Petition states that Defendant admitted to last smoking marijuana on January 21, 2020, which was inconsistent with his negative drug test on January 28, 2020. After further testing, the urine sample was found to be positive for marijuana and the specimen was diluted. However, on cross-examination, USPO Powell testified that

Defendant's drug test upon his recent arrest was negative, as well as that he was not aware of any positive tests for methamphetamine. Lastly, USPO stated that Defendant does not have a history of leaving the District without permission or strong ties to other districts.

Defendant presented the testimony of Ms. Carberry, his girlfriend of approximately two years. Ms. Carberry testified that she currently lives in a three-bedroom house in Sevierville with her nine-year-old son, as well as that she is currently six months pregnant with Defendants' child. Additionally, Ms. Carberry stated that she is currently undergoing a high-risk pregnancy and could potentially be placed on bed rest in the near future. Ms. Carberry testified that she did not allow drugs in her house, and that before his arrest, Defendant had recently started working at Dunkin Donuts and was looking a second job. On cross-examination, Ms. Carberry stated that Defendant has never smoked marijuana in her house, that she has never been to the Henderson Avenue address, and that she did not have a criminal record.

Lastly, defense counsel proffered that he had spoken with Meaghan Siegler, the general manager at the Dunkin Donuts store where Defendant was employed, and she stated that Defendant was doing well and would still have a position at the store if released. Therefore, Defendant requests to be released pending his revocation hearing in this case, in order to assist in Ms. Carberry's pregnancy, continue his employment, and resolve his charges in state court.

Ultimately, the Court finds that Defendant has not carried his burden of establishing by clear and convincing evidence that he does not pose a danger to any other person or to the community. Defendant has also failed to show that release on his prior conditions or any conditions would reasonably assure the safety of the community.

The factors listed in 18 U.S.C. § 3142(g) provide the framework for determining whether Defendant has carried his burden of proving by clear and convincing evidence that he is entitled to release. *United States v. Tolbert*, No. 3:09-CR-56-TAV-HBG, 2017 WL 6003075, at *4 (E.D. Tenn. Dec. 4, 2017) (citation omitted). First, the nature and circumstances of the violations alleged in this case involved the use of illegal narcotics and Defendant's arrest for the manufacture, delivery, sale, or possession of methamphetamine. In *United States v. Stone*, the Sixth Circuit held that "drug trafficking is a serious offense that, in itself, poses a danger to the community." 608 F.3d 939, 947 n.6 (6th Cir. 2010). Second, the Court finds the weight of the evidence of Defendant's dangerousness to be great, due to his repeated history of testing positive for marijuana coupled with his recent arrest. 18 U.S.C. § 3142(g)(2); *see Stone*, 608 F.3d at 948 (observing that factor (g)(2) "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt").

The third factor focuses on Defendant's history and characteristics. *See* 18 U.S.C. § 3142(g)(3). The Court observes that Defendant likely has a stable place to live with Ms. Carberry, that he has significant ties this District, that Ms. Carberry is six-months pregnant with Defendant's child, and that he would be employed upon his release.[1] However, the Petition also notes Defendant's arrests for possession of a Schedule II substance, possession of a firearm during a dangerous felony, simple possession-casual exchange, criminal impersonation, and theft of property up to $10,000. Further, in addition to Defendant's several positive tests for marijuana,

---

[1] The Court, however, notes that Defendant did not specifically propose Ms. Carberry serving as a third-party custodian or any additional conditions upon his release.

the Petition notes Defendant's failure to report for drug testing on several instances, inability to provide a sample, and diluted specimen.

The final factor looks to the nature and seriousness of the danger that would be posed by Defendant's release. *See* 18 U.S.C. § 3142(g)(4). As detailed throughout this Opinion, Defendant failed to comply with several conditions of his release, escalating to his recent arrest on April 30, 2021, and failure to report this contact with law enforcement to USPO Powell. Defendant failed to provide any substantial proposed conditions that would adequately ensure the safety of the community if he were to be released pending his revocation hearing. For the foregoing reasons, the Court finds that Defendant has not carried the burden of establishing by clear and convincing evidence that he does not pose a danger to any other person or to the community, and therefore, Defendant is **ORDERED DETAINED** pending his revocation hearing.

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

                                                  **ENTER:**

                                                  Debra C. Poplin
United States Magistrate Judge